# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

**GABE (GABRIEL) HILLEL KAIMOWITZ,**

    **Plaintiff,**

**vs.**                                          **Case No. 1:16cv257-MW/CAS**

**SUPERVISOR OF ELECTIONS;**
**JOHN HARKNESS, the EIGHTH**
**JUDICIAL CIRCUIT BAR ASSN., INC,**
**and FLORIDA BLUE KEY, INC.,**

    **Defendants.**

_____/

## AMENDED[1] REPORT AND RECOMMENDATION

This case has been reassigned to the undersigned Magistrate Judge. ECF No. 94. In reviewing this case, it is noted that Plaintiff, proceeding pro se,[2] filed an amended complaint on August 17, 2016, ECF No. 5, against four Defendants. After review by United States Magistrate Judge Gary R.

---

[1] This Report and Recommendation is amended to include the 3-page order entered by Judge Paul which was supposed to have been attached, but was not.

[2] Plaintiff was suspended from the practice of law on November 21, 2014. ECF No. 14 at 3. Plaintiff was disbarred on December 1, 2016. The Florida Bar v. Kaimowitz, case no. SC16-1677, 2016 WL 7043035 (Fla. Dec. 1, 2016) (cited in ECF No. 88 at 7).

Jones, Plaintiff was ordered to file an amended complaint by September 19, 2016, and to comply with a prior sanction which required Plaintiff to have an attorney who is a member of the bar of this Court counter sign the amended complaint along with Plaintiff's signature. ECF No. 14. That Order was affirmed and upheld by United States District Judge Mark Walker in not just one, but at least three separate Orders. ECF Nos. 19, 23, and 90. In a subsequent Order, Plaintiff was advised that he "must file an amended complaint on the Court's approved form that has been counter-signed by an attorney who is a member of the Bar of this Court." ECF No. 29 at 3, n.2. Plaintiff was warned that "[f]ailure to do so could result in the dismissal of this case." *Id.*

Plaintiff took no action to comply until November 15, 2016, when he filed a motion requesting leave to file an amended complaint. ECF No. 73. In his motion, Plaintiff noted that he had not complied with the Order directing him to file an amended complaint. ECF No. 73 at 3. He also noted that no recommendation was made by Magistrate Jones following his failure to comply. *Id.* Plaintiff then requested leave to file an attached proposed amended complaint. *Id.* at 4; *see* ECF No. 73-1. Plaintiff's

proposed amended complaint did not comply with the prior Order. It was not on the proper form and did not include the signature of another attorney in compliance with the sanction. Moreover, as noted in the Order entered on April 25, 2017, denying the motion for leave to amend, the motion sought to add irrelevant additional parties, the proposed complaint was a frivolous and "quintessential shotgun pleading" which is not permissible, and does not comply with Rule 8. ECF No. 88.

    Plaintiff has had more than sufficient time to comply with the requirement that he file a proper complaint. He was warned that if he did not comply, a recommendation would be made to dismiss the case. It does not save this case to note that the Defendant Supervisor of Elections filed an answer, ECF No. 50, to Plaintiff's amended complaint, ECF No. 5, or that the Defendant Eighth Judicial Circuit Bar Association, Inc., has filed a motion to dismiss, ECF No. 54. The fact that those parties complied with the Rules and responded does not excuse Plaintiff from doing so. Plaintiff's amended complaint, ECF No. 5, was deemed insufficient and he had not complied with the sanction order entered against him by former

Chief Judge Maurice M. Paul on January 17, 1997.  ECF No. 173 of case # 1:94cv10061-MP.[3]

Federal courts "are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." Anderson v. Dunn, 6 Wheat. 204, 227, 5 L.Ed. 242 (1821) (quoted in Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S. Ct. 2123, 2132, 115 L. Ed. 2d 27 (1991)).  "These powers are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Link v. Wabash R. Co., 370 U.S. 626, 630–631, 82 S.Ct. 1386, 1388–1389, 8 L.Ed.2d 734 (1962) (quoted in Chambers, 501 U.S. at 43, 111 S. Ct. at 2132)).  This Court cannot achieve an "orderly and expeditious disposition of cases" while permitting a plaintiff to wilfully ignore court orders all the while filing a multitude of motions.  Plaintiff has consistently filed motions to set aside orders, motions for relief, and generally objected to every order entered.  Having

---

[3] To remove all doubt, a copy of that Order is now attached to this Order.

been ordered to file an amended complaint, and having that order affirmed, Plaintiff was *required* to comply.  He did not do so.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte for any of the reasons prescribed in Federal Rule of Civil Procedure 41(b)."[4]  <u>Ciosek v. Ashley</u>, No. 3:13CV147/RV/CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . . " <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 630, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962) (quoted in <u>Betty K Agencies, Ltd. v. M/V MONADA</u>, 432 F.3d 1333, 1337 (11th Cir. 2005)).  In addition, the local rules of this Court provide that if "a party fails to comply with . . . a court order, the Court may strike a pleading, dismiss a claim, enter a default on a claim, rake other appropriate action, or issue an

---

[4] Rule 41(b) provides that if a "plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule-except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19-operates as an adjudication on the merits."  FED. R. CIV. P. 41(b).

Case No. 1:16cv257-MW/CAS

order to show cause why any of these actions should not be taken." N.D. Fla. Loc. R. 41.1.

It appears that this case should now be dismissed for failure to prosecute and comply with court orders. Plaintiff's first amended complaint, ECF No. 5, did not comply with the sanction entered by Judge Paul, and Plaintiff has refused to comply with an Order to amend which was upheld at least three times. This case should be dismissed.

**Recommendation**

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with court orders.

**IN CHAMBERS** at Tallahassee, Florida, on June 22, 2017.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

GABE KAIMOWITZ,

       Plaintiff,

v.                                CASE NO. GCA 94-10061-MMP

STATE OF FLORIDA, et al.,

       Defendants.

_____/

O R D E R

A hearing for Plaintiff to show cause why he should not be sanctioned or otherwise held in contempt of court was held in this matter on December 17, 1996. At the hearing, Plaintiff conceded that he had violated the Court's numerous admonitions to: (1) refrain from including in his filings language that the Court had a conflict of interest or bias; and (2) only include such allegations in a properly filed motion for recusal. See, e.g., Doc. 153 at 3. On the basis of Plaintiff's concession, the Court finds Plaintiff in violation of the Court's previous orders. Although a monetary sanction is clearly warranted under the circumstances*, the Court declines to impose such a sanction

_____

      * Ms. Janice Jennings, Esq., representing the State of Florida, asked that the Court award the State a monetary sanction against Plaintiff of $15,000.00. There is no basis for such an

in this instance. Nevertheless, the Court specifically directs Plaintiff that in any future filings he makes in the United States District Court for the Northern District of Florida (whether on his own behalf or on behalf of others), he shall first obtain the counter-signature of an attorney who is a member of the bar of this Court. The attorney counter-signing such filings need not be counsel of record in the case.

The Court is keenly aware that the pendency of Plaintiff's cause has been greatly delayed by Plaintiff's own actions and misconduct. This is a 1994 case which never proceeded to discovery, prior to the time the Court dismissed it without prejudice. The Court is not saying that Plaintiff cannot, under any set of factual circumstances, state a claim upon which relief can be granted. Rather, the Court simply wishes to convey the point it has made on numerous occasions to Plaintiff: If Plaintiff intends to pursue a legal remedy in this or any other division of the Northern District of Florida, he will have to abide by the rules of conduct and procedure which govern all parties and their attorneys appearing before a federal court.

Accordingly, based upon the foregoing, it is hereby

**ORDERED AND ADJUDGED:**

1. The Court's December 3, 1996, order to show cause why he should not be sanctioned or held in contempt of court [Doc.

---

award to the State. The show cause hearing was limited solely to a determination of whether Plaintiff had violated the Court's directives. Consequently, any sanctions paid would necessarily have to be into the registry of the Court.

165] is DISCHARGED.

2. The Court specifically finds that Plaintiff violated the Court's numerous admonitions to refrain from including language of conflict and/or bias in anything other than a separately filed motion for recusal.

3. The Court imposes the following sanction upon Plaintiff: In any future filings Plaintiff makes in the United States District Court for the Northern District of Florida (on behalf of either himself or others), he shall first obtain the counter-signature of an attorney who is a member of the bar of this Court. The attorney counter-signing such filings need not be counsel of record in the case. This sanction shall remain in full force and effect until further order of this Court.

4. This case having previously been closed, any other pending motions are MOOT. The Court only retains jurisdiction over this cause to the extent necessary to enforce or otherwise modify the sanction imposed upon Plaintiff in paragraph 3.

**DONE AND ORDERED** this __17TH__ day of __January__, 1997.

_____
MAURICE M. PAUL, CHIEF JUDGE